IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN M. OWEN

       Plaintiff,

v.                                                                                      No. 09-CV-1056 WJ/ACT

KENNETH C. GRAUER and
JO ANN GRAUER, husband and wife;
TAXATION AND REVENUE DEPARTMENT;
ANY UNKNOWN CLAIMANTS
OR LIEN HOLDERS,

       Defendants.

## MEMORANDUM ORDER AND OPINION DENYING DEFENDANTS' MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) and (6)

THIS MATTER comes before this Court on Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2), (6) and (7) (Doc. 5). The parties to this case dispute whether Defendants Kenneth Grauer[1] and Jo Ann Grauer are under the personal jurisdiction of this Court, and whether Plaintiff properly pled a claim of fraud under Rule 9(b) of the Federal Rules of Civil Procedure to support a cause of action under the Uniform Fraudulent Transfer Act. Because the Court finds that Plaintiff established personal jurisdiction by means of a New Mexico business transaction involving the Grauers, and that Plaintiff sufficiently met the heightened pleading standard under Rule 9(b), Defendants' Motion to Dismiss is DENIED.

---

[1] Defense counsel represented to the Court at the hearing on February 2, 2010 that Kenneth Grauer had recently passed away. While no Suggestion of Death has been filed, the Court accepts counsel's representation.

**BACKGROUND**

Plaintiff John Owen is a Virginia citizen. Owen obtained a judgment in Virginia against Defendant Kenneth Grauer, a citizen of Florida, for breach of a real estate contract.[2] Owen's co-plaintiffs to the Virginia action executed an Irrevocable Assignment and Consent to Disbursement ("Assignment"), assigning their interest in the Judgment to Owen. In light of the Assignment, Defendant concedes that the Virginia co-plaintiffs are no longer indispensable parties to this action. The Court ruled during oral argument that the Assignment was sufficient evidence to deny Defendant's Motion to Dismiss based on the grounds that Plaintiff failed to join indispensable parties under Fed. R. Civ. P. 12(b)(7) and Fed. R. Civ. P. 19, leaving only the issues of (1) whether personal jurisdiction exists over Defendants Kenneth Grauer and Jo Ann Grauer, and (2) whether Plaintiff pled a sufficient claim under Rule 9(b).

In this case, co-defendant Jo Ann Grauer, Kenneth Grauer's wife, was not a party to the Virginia action. However, five months after judgment was entered against her husband, she purchased a vacation home in Placitas, New Mexico as her sole and separate property. Because New Mexico is a community property state, the title insurance company required Mrs. Grauer to have her husband sign a "Sole and Separate Property Agreement and Conveyance" (Exhibit E). The agreement clearly states, "Kenneth C. Grauer hereby expressly grants and conveys the above property to Jo Ann Grauer with special warranty covenants. Kenneth C. Grauer further, expressly waives, relinquishes and releases any and all right, title, claim or interest in . . . the . . . described property . . . ." *Id*. Thus, Plaintiff's primary argument for personal jurisdiction over

---

[2]Plaintiff originally plead in his Complaint that the Grauers are New Mexico residents. Defendant has supplied uncontested affidavits that the Grauers are in fact Florida residents and have been since 1971.

Mr. Grauer is that Mr. Grauer availed himself of the benefits of New Mexico law when he executed the conveyance of the New Mexico property to his wife. Because New Mexico is governed by community property law, Plaintiff argues that the Placitas vacation home is subject to attachment to satisfy the Virginia judgment. Plaintiff further argues that this transaction between Mr. and Mrs. Grauer constitutes a "fraudulent transfer," not only because it was done to avoid Mr. Grauer's Virginia creditors, but because Ms. Grauer subsequently transferred the New Mexico property to a trust controlled by Mr. Grauer. Pl's. Compl. ¶ 16.

In response to Plaintiff's argument, Mr. Grauer first asserts that non-community assets were used to purchase the home belonging to his wife, and that in the subsequent conveyance, he merely "disclaimed an interest he never had to begin with." Def's. Mot. Dismiss, at 5. Second, Mr. Grauer argues that the title insurance company's requirement that he go through the formalities of executing "an interest he did not have" is insufficient to grant New Mexico personal jurisdiction over him. Def. Mot. Dismiss, at 4. Finally, Mr. Grauer argues that because the assets used to purchase the vacation home are governed by tenancy-by-the-entirety principles—Florida and Virginia's law concerning equitable distribution—New Mexico community property laws cannot be applied to characterize the judgement debt incurred from the Virginia case. Thus, Mr. Grauer argues that Mrs. Grauer's non-community assets are exempt from Plaintiff's creditor claims because New Mexico has chosen to exclude interests in property held in tenancy by the entireties under the Uniform Fraudulent Transfer Act. In essence, Defendants argue that Plaintiff cannot establish that Mr. Grauer intended to defraud his creditors because his creditors never had a claim against the exempt assets.

The Court finds that the purchase of the vacation home is controlled by New Mexico law—not Virginia or Florida law—and that the express language of the "Sole and Separate Property Agreement and Conveyance" establishes a business transaction between the Grauers sufficient to confer personal jurisdiction of this Court over both Mr. and Mrs. Grauer.  The Court also finds Plaintiff's Complaint satisfies the heightened pleading requirement for a claim of fraud under Rule 9(b) of the *Federal Rules of Civil Procedure*.

## ANALYSIS

I.     Personal Jurisdiction

Under the New Mexico long-arm statute, "[a]ny person, whether or not a citizen or resident of this state, who . . . transact[s] . . . any business within this state" thereby "submits himself . . . to the jurisdiction of the courts of this state as to any cause of action arising" from the transaction.  N.M. STAT. ANN. § 38-1-16(A) (1978).  New Mexico exercises personal jurisdiction over non-residents whenever "(1) the defendant's act [is] one of the five enumerated in the long-arm statute; (2) the plaintiff's cause of action . . . arise[s] from the act; and (3) minimum contacts sufficient to satisfy due process [are] established by the defendant's act." *State Farm Mut. Ins. Co. v. Conyers,* 109 N.M. 243, 244, 784 P.2d 986, 987 (1989).  "A central factor in determining whether these 'minimum contacts' were established is the degree to which defendant purposely initiated its activity within the State." *Customwood Mfg., Inc. v. Downey Contr. Co.*, 102 N.M. 56, 57 691 P.2d 57, 58 (1984).  "The New Mexico Supreme Court has unequivocally held that "the purposeful availment test . . . is the 'key focus in analyzing minimum contacts questions." *Federal Deposit Ins. Corp. v. Hiatt*, 117 N.M. 461, 464, 872 P.2d 879, 882 (1994); *see also Rogers v. 5-Star Management*, 946 F.Supp. 907, 913 (D. N.M. 1996).

Specifically, the Court must consider whether Defendants ever made "a purposeful decision . . . to participate in the local economy and to avail [itself] of the benefits and protections of New Mexico law." *Id.* In other words, this Court must determine whether 1) the Grauers transacted any business in New Mexico, 2) whether this cause of action arises from that transaction, and 3) whether the Grauers established minimum contacts with New Mexico by purposely availing themselves of New Mexico law.

Here, Mr. Grauer and Mrs. Grauer signed a "Sole and Separate Property Agreement and Conveyance" in which Mr. Grauer disclaimed any interest in the New Mexico home. Whether or not Mr. Grauer actual had an interest to convey to his wife is of no importance to this Court. What is of importance, however, is that Mr. Grauer conveyed whatever legal interest he may have had to Ms. Grauer. For example, if the Grauers ever obtained a divorce, the contract in question gives Ms. Grauer the expected benefit that the Placitas home, located in a community property state, is hers alone. If there were to be a dispute over property distribution, Mr. Grauer's "express[] waive[r], relinquishes and releases any and all right, title, claim or interest [he has] in . . . the . . . described property," therefore putting the legal question surrounding the Placitas home to rest. This assurance was secured by the Grauers' executing a New Mexico contract—not a Florida contract. It matters not that Mr. Grauer signed the agreement in Florida. Personal jurisdiction over a non-resident does not depend upon the physical presence of the defendant within the state. *Moor v. Graves*, 654 P.2d 582 (Ct. App. 1982). Moreover, Plaintiff alleges that Mr. Grauer intended the legal benefit of avoiding attachment from his creditors by signing the agreement and conveyance. Defendants have not contested this allegation. Plaintiff's allegation is plausible in light of Defendants' admission that Mrs. Grauer subsequently transferred the Placitas home to a trust controlled by Mr. Grauer. Def"s. Mot., Pg.

5

2.  Whether this was done for the purposes of estate planning as claimed by Defendants is irrelevant.  A legal benefit would have been conferred in either context whether the Grauers' motives were pure or not.

The Court will not entertain a fiction that a "transaction" under the New Mexico long-arm statute only takes place when a dispute over property ownership occurs between spouses, or for estate planning purposes, but not during instances where Mr. Grauer's creditors come calling.  The word "transaction" simply means "the act or an instance of conducting business or other dealings" or "the formation, performance, or discharge of a contract."  BLACK'S LAW DICTIONARY 1535 (8th ed. 2004).  A "conveyance" is the "voluntary transfer of a right or of property."  *Id.* at 357.  Here, the "Sole and Separate Property Agreement and Conveyance" executed by the Grauers is clearly a business transaction.  Therefore, Plaintiff has established that the "transaction of business" requirement enumerated in the long-arm statute occurred.  It is also clear for the reasons previously stated that the Grauers' execution of the agreement and conveyance was "a purposeful decision . . . to participate in the local economy and to avail [themselves] of the benefits and protections of New Mexico law," thereby establishing purposeful availment.  *Rogers*, 946 F.Supp. 907 at 913.  This leaves only the question of whether Plaintiff's cause of action arises from the Grauers' transaction.

Plaintiff's cause of action clearly alleges that Mr. Grauer's conveyance to Mrs. Grauer was done with an "actual intent to hinder, delay, or defraud" his creditor, Mr. Owen, in violation of the Uniform Fraudulent Transfer Act.  *See* N.M. STAT. ANN. § 56-10-18(A)(1) (1978), Pl's Comp. ¶ 13 & 15.  Plaintiff also alleges that this transfer was completed through Ms. Grauer's role as an "insider," which the Act simply describes "as a relative of the debtor."  *See id.* § 56-

10-15(G)(1) & 56-10-18(B)(1), Pl's Comp. ¶ 12. Plaintiff also alleges that Mr. Grauer did not receive the reasonable equivalent value in exchange for the transfer, *see id.* § 56-10-18-(A)(2), Pl's Comp. ¶ 14, and that Mr. Grauer retained possession and control of the New Mexico property through his wife's subsequent transfer of the home to a trust controlled by Mr. Grauer. *See* § 56-10-18-(B)(2), Pl's Comp. ¶ 16 &17. Finally, Plaintiff alleges the transfer occurred shortly after the Judgment was incurred. *See* § 56-10-18-(B)(10), Pl's Comp. ¶ 19 & 21. Therefore, the Complaint meets all of the statutory requirements of a prima facie case under the Act, and the cause of action clearly arises from the Grauers' transaction of business in New Mexico.

II    New Mexico Law Controls the Interpretation of How Debt is Characterized Under the Uniform Fraudulent Transfer Act

Defendants rely on *Blackwell v. Lurie*, 134 N.M. 1, 5, 71 P.3d 509, 513 (N.M.Ct. App. 2003), to argue that New Mexico community property laws cannot be applied to characterize a debt incurred in another state, when the property subject to execution is located in New Mexico. *Blackwell* is easily distinguished from the present case. "In New Mexico, we generally follow the conflict of laws rules by which an interest in property takes its character at the time and in the manner of its acquisition." *Id.* at 3. In *Blackwell*, the property in question was a sketch acquired in Missouri. It was later taken to New Mexico and cosigned for sale at a Santa Fe art gallery. *Id.* In Missouri, married persons hold property as tenants by the entirety. *Id; see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Shackelfor*d, 591 S.W.2d 210, 213 (Mo.Ct.App.1979) (observing that when husband and wife become joint owners of personal property in Missouri, a presumption arises that they hold the property as tenants by the entirety). Accordingly, applying the time-and-manner-of-acquisition rule, the court ruled that the sketch in

*Blackwell* should continue to be regarded as tenancy-by-the-entirety property.

In this case, however, Mrs. Grauer acquired the property in question in New Mexico.  In *Huntington Nat'l Bank v. Sproul*, 116 N.M. 254, 861 P.2d 935, the New Mexico Supreme Court held "that when a foreign judgment is domesticated in New Mexico, New Mexico law must be applied in order to characterize the debt represented by the judgment."  *Id.* at 258, 861 P.2d at 939.  *Sproul* involved real property that was subject to execution in satisfaction of the domesticated judgment because it was located in New Mexico and thus characterized as community property.  *Id.*  "The Court ultimately concluded that, under New Mexico law, the debt was attributable to the community."  *Id.* at 258-61, 861 P.2d at 939-42; *see Blackwell*, 134 N.M. 1, 4, 71, P.3d 509, 512 (N.M. Ct. App. 2003).  Thus, Defendants' argument under *Blackwell* that the Grauers' debt should be characterized by Florida or Virginia's tenancy-by-the-entirety law is misplaced.  The Court need not respond to Defendants' argument that Mrs. Grauer's non-community assets are exempt from Plaintiff's creditor claims under the Uniform Fraudulent Transfer Act.  In New Mexico, the source of the assets do not characterize a debt where the property is purchased in the state.   Defendants have failed to establish that Florida or Virginia's tenancy-by-the-entirety law should govern the interpretation of exemptions under the Uniform Fraudulent Transfer Act.

III.    Heightened Pleading Requirement for Fraud Claims

Normally, a plaintiff need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Fraud claims, however, must meet more stringent standards.  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, or other conditions of a

person's mind may be alleged generally." FED. R. CIV. P. 9(b). At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud." *United States ex rel. Schwartz v. Coastal Healthcare Group, Inc.,* 232 F.3d 902 (Table), 2000 WL 1595976 at *3 (10th Cir. 2000) (unpublished opinion), *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F.Supp.2d 1201, 1203 (D.Kan. 2001). "To survive a motion to dismiss, an allegation of fraud must 'set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.'" *Midgley v. Rayrock Mines, Inc.,* 374 F.Supp.2d 1039, 1047 (D.N.M.2005) (quoting *Schwartz v. Celestial Seasonings, Inc.,* 124 F.3d 1246, 1252 (10th Cir.1997)). "On the other hand, rule 9(b) does not require specific knowledge regarding the defendant's state of mind." *Id.* at 1047.

    The elements required to plead a cause of action under the Uniform Fraudulent Transfer Act are set out in the New Mexico statute. N.M. STAT. ANN. § 56-10-18 (1978). Plaintiff's Complaint clearly establishes the "who, what, when, where and how of the alleged fraud." First, Plaintiff identifies with particularity the parties involved in the allegedly fraudulent transfer. Plaintiff's Complaint, supported by the attached transcript of judgment, states that Kenneth Grauer is a judgment debtor, and John Owen is a judgment creditor. Pl.'s Comp ¶ 1, 3, Exhibit A. This relationship gives rise to Plaintiff's ability to bring a claim under the Uniform Fraudulent Transfer Act. N.M. STAT. ANN. § 56-10-18 (1978). The alleged transfer was completed through Mr. Grauer's conveyance of his legal interest in the New Mexico property to Mrs. Grauer as an "insider," which the Act describes "as a relative of the debtor." *See* § 56-10-15(G)(1) & 56-10-18(B)(1), Pl.'s Comp. ¶ 9-12. Plaintiff's Complaint describes the specific property that was transferred. Pl.'s Comp. ¶ 2. Plaintiff's Complaint specifies the time the alleged transfer took place. Mr. Grauer's conveyance to Mrs. Grauer occurred "on or about

November 14, 2008." Pl.'s Comp. ¶ 9. This allegation was supported by (1) the warranty deed, and (2) the sole and separate property agreement and conveyance attached as exhibits B and C to Plaintiff's Complaint.

Plaintiff's cause of action specifies that the transfer was done with the "actual intent to hinder, delay, or defraud" his creditor, Mr. Owen. *See* N.M. STAT. ANN. § 56-10-18(A)(1), Pl.'s Comp. ¶ 13 & 15. This claim does not require specific knowledge of the Grauers' state of mind. *Midgley v. Rayrock Mines, Inc.,* 374 F.Supp.2d at 1047. However, this claim is supported by the allegation that Mr. Grauer retained possession and control of the New Mexico property through his wife's subsequent transfer of the property to the trust controlled by Mr. Grauer, as well as Mr. Grauer's affidavit and the trust agreement attached as Exhibits E and F to Plaintiff's Complaint. *See* § 56-10-18-(B)(2), Pl.'s Comp. ¶ 16 &17. Finally, Plaintiff alleges that Mr. Grauer did not receive the reasonable equivalent value in exchange for the transfer, *see* § 56-10-18-(A)(2), Pl.'s Comp. ¶ 14, and that the transfer occurred shortly after the Judgment was incurred. *See Section 56-10-18-(B)(10)*, Pl.'s Comp. ¶ 19 & 21. Plaintiff attached a Transcript of Judgment dated June 23, 2008. Because Plaintiff's Complaint "set[s] forth the time, place, and contents of the false representation, the identity of the party making the [fraudulent transfer] and the consequences thereof . . .," this Court finds Plaintiff's Complaint sufficient to survive Defendants' Motion for Dismissal. *Schwartz v. Celestial Seasonings, Inc.,* 124 F.3d 1246, 1252 (10th Cir.1997).

## CONCLUSION

For the reasons stated in this Memorandum Opinion and Order, the Court concludes that it has personal jurisdiction over Defendants as they transacted business in the State of New

Mexico in accordance with New Mexico's long-arm statute. Additionally, Plaintiff's complaint states a claim under the Uniform Fraudulent Transfer Act sufficient to satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). Accordingly, Defendant's Motion to Dismiss is DENIED.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE